Brooke Killian Kim (CA Bar No. 239298)
brooke.kim@dlapiper.com
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel:  619.699.2700
Fax:  619.699.2701

Matthew Holian (CA Bar No. 211728)
matt.holian@dlapiper.com
Katherine Insogna (CA Bar No. 266326)
katie.insogna@dlapiper.com
**DLA PIPER LLP (US)**
33 Arch Street, 26th Floor
Boston, MA 02110-1447
Tel:   617.406.6000
Fax:  617.406.6100

Attorneys for Defendants
Bristol-Myers Squibb Company
and Pfizer Inc.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD FONGER, Individually and as Successor-In-Interest of the ESTATE OF MARJORIE FONGER, and JEAN KELLEY, Individually and as Successor-In-Interest of the ESTATE OF JAMES KELLEY,<br><br>              Plaintiffs,<br><br>        v.<br><br>MCKESSON CORPORATION, a corporation; and BRISTOL-MYERS SQUIBB, a corporation; and PFIZER INC., a corporation; and DOES 1 through 100, Inclusive,<br><br>              Defendants. | CASE NO.  3:16-cv-02719-AJB-DHB<br><br>**DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF PETITION TO JPML**<br><br>Date: December 29, 2016<br>Time: 2:00 p.m.<br>Place: Courtroom 3B<br>Judge: Anthony J. Battaglia<br><br>Complaint Filed:  October 5, 2016 |

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.     INTRODUCTION ................................................................................... 1

II.    RELEVANT BACKGROUND ................................................................. 2

III.   LEGAL AUTHORITIES ......................................................................... 4

     A.    Courts Routinely Stay Cases Identified for MDL Transfer, Preserving Jurisdictional Questions for the MDL Court. .................... 4

     B.    A Stay Is Appropriate When the Judicial Resources Saved and Hardship to the Moving Party Outweigh Potential Prejudice to the Non-Moving Party. ......................................................................... 7

IV.   ARGUMENT. .......................................................................................... 8

     A.    Plaintiffs Will Not Be Prejudiced by the Proposed Stay. .................... 8

     B.    Considerations of Prejudice Weigh in Favor of the Stay. ................. 10

     C.    Conservation of Judicial Resources Necessitates a Stay. .................. 11

V.    CONCLUSION. ..................................................................................... 12

1

## TABLE OF AUTHORITIES

2

3

**Page**

CASES

*A.D. v. Pfizer, Inc.*,
    No. 13-CV-02466-JST, 2013 WL 3889159 (N.D. Cal. July 26, 2013) .............. 6

*Aaron v. McKesson Corp.*,
    No. C 13-03054 SBA, 2013 WL 5401887 (N.D. Cal. Sept. 26, 2013) .............. 6

*Addison v. Bristol-Myers Squibb Co.*,
    No. C 13-02166 WHA, 2013 WL 3187859 (N.D. Cal. June 21, 2013) .............. 6

*Alanis v. Pfizer, Inc.*,
    No. 1:14-cv-00365, 2014 WL 1711702 (E.D. Cal. May 1, 2014) ................ 9, 11

*Alanis v. Pfizer, Inc.*,
    No. 1:14-cv-003652014, 2014 WL 2197936 (E.D. Cal. May 27, 2014) ............ 9

*Allen v. McKesson Corp.*,
    No. C 13-03110 JSW, 2013 WL 3948865 (N.D. Cal. July 30, 2013) ............... 6

*Anderson v. Organon USA, Inc.*,
    No. 13-3599 PJH, 2013 WL 4805026 (N.D. Cal. Sept. 9, 2013) ........................ 6

*Aronis v. Merck & Co.*,
    No. CIV. S-05-0486WBSDAD, 2005 WL 5518485 (E.D. Cal. May 3,
    2005) ......................................................................................... 6

*Aud v. McKesson Corp.*,
    No. C 13-03111 JSW, 2013 WL 3944436 (N.D. Cal. July 29, 2013) ............... 6

*Bennett v. Organon USA Inc.*,
    No. 13-CV-03606-JST, 2013 WL 5127993 (N.D. Cal. Sept. 13, 2013) .............. 6

*Bernstine v. Merck & Co.*,
    No. S-07-0034 WBS KJM, 2007 WL 1217589 (E.D. Cal. Apr. 24, 2007) ......... 6

*Brault v. Merck & Co.*,
    No. 06CV2039 IEG-BLM, 2006 WL 3924223 (S.D. Cal. Nov. 7, 2006) ........... 6

*Brault v. Merck & Co.*,
    No. 06CV2039 IEG-BLM, 2006 WL 3924223 (S.D. Cal. Nov. 7, 2006) ........... 5

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES
### (continued)

Page

*Burton v. Organon USA Inc.*,
    No. C 13-1535 PJH, 2013 WL 1963954 (N.D. Cal. May 10, 2013)....................6

*Bushong v. Merck & Co.*,
    No. 06-CV-02139-JMRBB, 2006 WL 4056990 (S.D. Cal. Dec. 11, 2006) ........6

*Bushong v. Merck & Co.*,
    No. 06-CV-02139-JMRBB, 2006 WL 4056990 (S.D. Cal. Dec. 11, 2006) ........6

*Butler v. McKesson Corp.*,
    No. C 13-03154 JSW, 2013 WL 4104093 (N.D. Cal. Aug. 12, 2013) ...............6

*C.A. by Allen v. Pfizer, Inc.*,
    No. C 13-4087 SBA, 2013 WL 6091766 (N.D. Cal. Nov. 19, 2013)..................6

*Carrington v. Merck & Co.*,
    No. S-06-718 LKK/GGH, 2006 WL 1376884 (E.D. Cal. May 18, 2006)...........6

*Choi v. Merck & Co.*,
    No. S-06-1977 WBS DAD, 2006 WL 3053411 (E.D. Cal. Oct. 26, 2006) ........6

*Clarke v. Organon USA Inc.*,
    No. C 13-2290 CW, 2013 WL 3475948 (N.D. Cal. July 10, 2013)....................6

*Cline v. Merck & Co.*,
    No. CIVS06487LKKGGH, 2006 WL 1409555 (E.D. Cal. May 19, 2006).........6

*Coit v. Merck & Co.*,
    No. 06-CV-02137-JMRBB, 2006 WL 4056994 (S.D. Cal. Dec. 11, 2006) ........6

*Coit v. Merck & Co.*,
    No. 06-CV-02137-JMRBB, 2006 WL 4056994 (S.D. Cal. Dec. 11, 2006) ........6

*Conroy v. Fresh Del Monte Produce Inc.*,
    325 F. Supp. 2d 1049 (N.D. Cal. 2004).................................................................4

*Couture v. Hoffman-La Roche, Inc.*,
    No. C-12-2657 PJH, 2012 WL 3042994 (N.D. Cal. July 25, 2012)...................6

*Couture v. Hoffman-La Roche, Inc.*, No. C-12-2657 PJH, 2012 WL 3042994,
    at *2 (N.D. Cal. July 25, 2012)...........................................................................7

DLA PIPER LLP (US)
SAN DIEGO

EAST\137234855.1

-iii-

DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO STAY
3:16-CV-02144-AJB-DHB

# TABLE OF AUTHORITIES
### (continued)

**Page**

*Davis v. Pfizer, Inc.*,
    No. C 14-1204 SI, 2014 WL 1599005 (N.D. Cal. Apr. 21, 2014) ....................... 6

*Devers v. Merck & Co.*,
    No. S-06-617 LKK/PAN, 2006 WL 1377086 (E.D. Cal. May 18, 2006) .......... 6

*Fortune v. McKesson Corp.*,
    No. C 13-03172 JSW, 2013 WL 4104121 (N.D. Cal. Aug. 12, 2013) ............... 6

*Freitas v. McKesson Corp.*,
    No. C 11-05967 JW, 2012 WL 161211 (N.D. Cal. Jan. 10, 2012) ..................... 6

*Gibson v. Bristol-Myers Squibb Co.*,
    2013 WL 2081964 (N.D. Cal. May 14, 2013) .................................................. 10

*Goldberg v. Merck & Co.*,
    No. 06-CV-02034-JMRBB, 2006 WL 4056993 (S.D. Cal. Dec. 11, 2006) ........ 6

*Goldberg v. Merck & Co.*,
    No. 06-CV-02034-JMRBB, 2006 WL 4056993 (S.D. Cal. Dec. 11, 2006) ........ 6

*Gonzalez v. Organon USA*,
    No. C 12-6161 PJH, 2013 WL 664551 (N.D. Cal. Feb. 22, 2013) ..................... 6

*Grove v. Merck & Co.*,
    No. S-06-1941 WBSKJM, 2006 WL 2943158 (E.D. Cal. Oct. 13, 2006).......... 7

*Guinn v. Bristol-Myers Squibb Co.*,
    No. C 13-01487 WHA, 2013 WL 1964937 (N.D. Cal. May 10, 2013).............. 7

*Hardin v. Merck & Co.*,
    No. C 07-0070 SBA, 2007 WL 1056790, at *1 (N.D. Cal. Apr. 5, 2007).......... 7

*Hargrove v. McKesson Corp.*,
    No. C 13-03114 JSW, 2013 WL 3949239 (N.D. Cal. July 30, 2013) ............... 7

*Harris v. Merck & Co.*,
    No. 06-CV-01986-JMRBB, 2006 WL 4056986 (S.D. Cal. Dec. 11, 2006) ........ 7

*Harris v. Merck & Co.*,
    No. 06-CV-01986-JMRBB, 2006 WL 4056986 (S.D. Cal. Dec. 11, 2006) ........ 6

## TABLE OF AUTHORITIES
### (continued)

Page

*In re Bayer Corp. Combination Aspirin Prods. Mktg & Sale Practices Litig.*, 609 F. Supp. 2d 1379 (J.P.M.L. 2009) ...................................... 9

*In re iPhone Application Litig.*, 2011 WL 2149102 (N.D. Cal. May 31, 2011) ...................................... 7

*In re Vioxx Product Liability Cases*, Lead Case No. 05cv943–DMS-LSP (S.D. Cal. July 11, 2005) .......................... 7

*In re Vioxx Product Liability Cases*, Lead Case No. 05cv943–DMS-LSP (S.D. Cal. July 11, 2005) ......................... 5

*In re Zoloft (Sertraline Hydrochloride) Prods. Liab. Litig.*, 856 F. Supp. 2d 1347 (J.P.M.L. 2012) .................................................. 9

*J.W. v. Pfizer, Inc.*, No. 13-CV-00318-YGR, 2013 WL 1402962 (N.D. Cal. Apr. 5, 2013) ............. 7

*Jackson v. Johnson & Johnson, Inc.*, No. 01-2113 DA, 2001 WL 34048067 (W.D. Tenn. April 3, 2001).................. 4

*Jennings v. Fresenius*, No. 13-cv-03795, 2013 WL 5487224 (N.D. Cal. Oct. 2, 2013) ...................... 11

*Jones v. Bristol-Myers Squibb Co.*, No. C 13-2415 PJH, 2013 WL 3388659 (N.D. Cal. July 8, 2013) ..................... 7

*Landis v. N. Am. Co.*, 299 U.S. 248 (1936) ........................................................... 4

*Leeson v. Merck & Co.*, No. S-05-2240 WBS PAN, 2006 WL 3230047 (E.D. Cal. Jan. 27, 2006) .......... 7

*Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857 (9th Cir. 1997) ............................................... 4

*Lingle v. DePuy Orthopaedics, Inc.*, No. 11CV1486 L MDD, 2011 WL 5600539 (S.D. Cal. Nov. 17, 2011) ............................................................... 4, 5, 7, 9

**<u>TABLE OF AUTHORITIES</u>**
**(continued)**

<u>Page</u>

*Little v. Pfizer*,
No. C-14-1177, 2014 WL 1569425 (N.D. Cal. Apr. 18, 2014) ........................... 8

*Major-Mack v. Organon USA, Inc.*,
No. 13-CV-05421-JST, 2014 WL 296935 (N.D. Cal. Jan. 26, 2014) ................ 7

*McCrerey v. Merck & Co.*,
No. 04-cv-2576 WQH-WMC, 2005 WL 6124182 (S.D. Cal. Mar. 3,
2005) ........................................................................................................ 5, 9

*Michael v. Warner-Lambert Co.*,
No. 03-cv-1978 DMS (RBB), 2003 U.S. Dist. LEXIS 21525 (S.D. Cal.
Nov. 20, 2003) ............................................................................................... 4

*Pamintuan v. Bristol-Myers Squibb Co.*,
No. 16-cv-00254, 2016 WL 4319844 (N.D. Cal. July 14, 2016) ...................... 8

*Pennington v. Depuy Orthopaedics, Inc.*,
No. 13-cv-1322 DMS (BLM), 2013 WL 12093802 (S.D. Cal. July 19,
2013) ............................................................................................................. 5

*Poff v. McKesson Corp.*,
No. C 13-03115 JSW, 2013 WL 3949207 (N.D. Cal. July 30, 2013) ................ 7

*Purcell v. Merck & Co.*,
No. 05-cv-443–L-BLM (S.D. Cal. June 6, 2005) ................................................ 7

*Purcell v. Merck & Co.*,
No. 05-cv-443–L-BLM (S.D. Cal. June 6, 2005) ................................................ 6

*Reyes v. Organon USA Inc.*,
No. C 13-3428 PJH, 2013 WL 4533101 (N.D. Cal. Aug. 26, 2013) ................. 7

*Rifenberry v. Organon USA, Inc.*,
No. 13-cv-05463, 2014 WL 296955 (N.D. Cal. Jan. 26, 2014) .......................... 9

*Rifenberry v. Organon USA, Inc.*,
No. 13-CV-05463-JST, 2014 WL 296955 (N.D. Cal. Jan. 26, 2014) ................ 7

*Rivers v. Walt Disney Co.*,
980 F. Supp. 1358 (C.D. Cal. 1997) .............................................................. 4, 8

DLA PIPER LLP (US)
SAN DIEGO

## TABLE OF AUTHORITIES
### (continued)

**Page**

*San Diego Unified Port District v. Monsanto Co.,*
  No. 15-cv-00578, 2016 WL 4496826 (S.D. Cal. Feb. 1, 2016) ...........................7

*Santillan v. Merck & Co.,*
  No. 06-CV-01996-JMRBB, 2006 WL 4056988 (S.D. Cal. Dec. 11, 2006) ........7

*Santillan v. Merck & Co.,*
  No. 06-CV-01996-JMRBB, 2006 WL 4056988 (S.D. Cal. Dec. 11, 2006) ........6

*Scroggins v. Hoffman-La Roche, Inc.,*
  No. C 12-2615 SI, 2012 WL 2906574 (N.D. Cal. July 16, 2012) ......................7

*Silva v. Merck & Co.,*
  No. 06-CV-02138-JMRBB, 2006 WL 4056989 (S.D. Cal. Dec. 11, 2006) ........7

*Silva v. Merck & Co.,*
  No. 06-CV-02138-JMRBB, 2006 WL 4056989 (S.D. Cal. Dec. 11, 2006) ........6

*Stark v. Pfizer,*
  No. 14-CV-01488-JST, 2014 WL 2938445 (N.D. Cal. June 27, 2014) .............7

*Suder v. Merck & Co.,*
  No. 06-CV-02013-JMRBB, 2006 WL 4056991 (S.D. Cal. Dec. 11, 2006) ........7

*Suder v. Merck & Co.,*
  No. 06-CV-02013-JMRBB, 2006 WL 4056991 (S.D. Cal. Dec. 11, 2006) ........6

*Summa v. McKesson Corp.,*
  No. C 13-03097 JSW, 2013 WL 3948844 (N.D. Cal. July 30, 2013) ................7

*Valentine v. Merck & Co.,*
  No. 06-cv-2154–DMS-JMA (S.D. Cal. October 23, 2006) ................................7

*Valentine v. Merck & Co.,*
  No. 06-cv-2154–DMS-JMA (S.D. Cal. October 23, 2006) ................................6

*Walker v. Merck & Co.,*
  No. 05-cv-360, 2005 WL 1565839 (S.D. Ill. June 22, 2005)..............................9

*Weaver v. Pfizer, Inc.,*
  No. 2:14-cv-0818, 2014 WL 2002212 (E.D. Cal. May 15, 2014) ...................10

DLA Piper LLP (US)
San Diego

EAST\137234855.1

DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO STAY
3:16-CV-02144-AJB-DHB

# TABLE OF AUTHORITIES
### (continued)

**Page**

*Weldy v. Merck & Co.*,
   No. 06-CV-01993-JMRBB, 2006 WL 4056987 (S.D. Cal. Dec. 11, 2006) ........7

*Weldy v. Merck & Co.*,
   No. 06-CV-01993-JMRBB, 2006 WL 4056987 (S.D. Cal. Dec. 11, 2006) ........6

**STATUTES**

28 U.S.C. § 1407 .......................................................................................................1

DLA PIPER LLP (US)
SAN DIEGO

EAST\137234855.1

DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO STAY
3:16-CV-02144-AJB-DHB

At the Court's invitation (Dkt. 13), Defendants Bristol-Myers Squibb Company ("BMS") and Pfizer Inc. ("Pfizer") (collectively, "Defendants") provide this supplement brief in support of its request that the Court enter a temporary stay of this matter pending a determination by the Judicial Panel on Multidistrict Litigation ("JPML") regarding whether all cases involving the prescription drug Eliquis should be coordinated through multidistrict litigation ("MDL").

## I.   INTRODUCTION

Faced with competing motions to stay pending a JPML determination or a motion to remand to state court, dozens, if not hundreds, of federal courts across California have acknowledged the efficiencies created by staying the litigation and have deferred a decision on the motion to remand.  This case is no different: Plaintiffs have moved to remand this action on grounds shared by at least thirteen other actions currently or soon-to-be pending in California federal courts.  Staying this action for a limited period to permit the MDL transferee court to resolve all thirteen motions in a uniform and consistent manner promotes efficiency and the just resolution of these claims.

Plaintiffs Richard Fonger and Jean Kelley ("Plaintiffs") brought this case against Defendants and McKesson Corporation ("McKesson") for injuries allegedly sustained from use of the prescription medication Eliquis.  On October 13, 2016, Defendants moved the Judicial Panel on Multidistrict Litigation ("JPML") to transfer and coordinate 34 Eliquis actions, including the instant action and any "tag-along" actions,[1] in the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1407.  (*See* Dkt. 2, Not. of Related Case(s).)  All of the cases involve allegations similar to those asserted by Plaintiffs.

In light of the JPML petition, Defendants seek a stay of this case.  A stay will further the purpose of the MDL by ensuring that a single court, the MDL court,

---

[1] Defendants filed a Notice of Related Case(s) identifying this action for inclusion in the MDL on November 4, 2016.  (Kim Decl., Ex. C.)

1   decides issues common to all or many of the actions, thereby reducing any risk of

2   inconsistent rulings and preserving court resources.  No prejudice will result from

3   entry of the stay; but all parties will be prejudiced if no stay is entered.

4        In recognition of these principles, to date, courts have entered stipulated

5   stays, on good cause, in 36 other Eliquis cases pending in district courts across the

6   country.  (Kim Decl., ¶ 13, Ex. B.)  Importantly, in the Eliquis litigation, Judge

7   Bernal in the Central District of California entered the very relief requested by this

8   motion, staying the litigation including the plaintiff's pending motion to remand.

9   (Kim Decl., ¶ 15, Ex. E.)  As a result, the Eliquis MDL court will necessarily

10  consider the issue of McKesson's fraudulent joinder, rendering this Court's

11  consideration of that same issue unnecessarily duplicative of the efforts of the MDL

12  court.

13  **II.    RELEVANT BACKGROUND**

14       On October 5, 2016, Richard Fonger and Jean Kelley filed a complaint in San

15  Diego Superior Court, as Successors-In-Interest to Marjorie Fonger and James

16  Kelley, Decedents, for injuries allegedly sustained from Decedents' use of the

17  prescription medication Eliquis.  (Dkt. 1-4.)  Plaintiffs sued Defendants and

18  McKesson, attributing all allegations in the complaint to "Defendants" generally.

19  Defendants removed the action to this Court on November 1, 2016.  (Dkt. 1, at 6.)

20       While McKesson does supply some Eliquis to certain pharmacies in

21  California, other non-resident distributors supply Eliquis to other California

22  pharmacies.  Most patients do not know which distributor supplies their medication

23  because they have no contact with the distributor.  In the absence of a specific

24  allegation that a plaintiff is aware of the distributor, it should not be presumed that

25  McKesson distributed that plaintiff's Eliquis.  Tellingly, Plaintiffs allege McKesson

26  supplied Decedents' Eliquis only on "information and belief," a tacit admission that

27  the Plaintiffs do not have specific knowledge that McKesson supplied Decedents'

28  Eliquis.  (Dkt. 1, at 5.)  Plaintiffs do not have a reasonable basis to allege

McKesson—as opposed to one of the other California Eliquis suppliers—supplied Decedents' Eliquis.  Accordingly, a genuine dispute exists as to whether McKesson was fraudulent joined in the litigation solely to destroy diversity jurisdiction.

In addition to this matter, twelve additional Eliquis cases have been filed in the California Superior courts.  (*See* Kim Decl., at ¶ 5.)  In each of these actions, the complaint alleges, on information and belief, that McKesson supplied the injured plaintiff's Eliquis, and a dispute exists as to whether the plaintiff has a reasonable basis to allege that McKesson supplied the plaintiff's Eliquis or whether it was fraudulently joined to defeat federal jurisdiction.  (Kim Decl., at ¶ 6.)

Plaintiffs moved to remand this action on November 9, 2016.  On October 13, 2016, Defendants filed a motion with the Judicial Panel on Multidistrict Litigation requesting transfer of all Eliquis cases pending in federal court for coordinated pretrial proceedings.  (Dkt. 2.)  Six days later, on October 19, 2016, a number of Eliquis plaintiffs filed a petition with the Judicial Council seeking coordination of the ten cases then-pending in California Superior Courts.  (Kim Decl., ¶¶ 14, Ex. D.)

Motions to remand have been filed all Eliquis cases pending in California federal court.[2]  (Kim Decl., at ¶ 7.)  Without any stated basis to believe McKesson supplied their Eliquis, the plaintiffs in these actions collectively contend that the presence of McKesson defeats diversity jurisdiction, and that all cases should be remanded for coordination in a Judicial Council Coordinated Proceeding.

Instead, Defendants contend the action should be stayed pending the JPML's determination on the motion to transfer, and filed an *ex parte* application to stay.  (Dkt. 7.)  The Court found that Defendants could have filed the motion on a noticed

---

[2] Two additional cases, *Barsky, et al. v. McKesson, et al.,* Los Angeles Superior Court Case No. BC639826 and *Stark, et al. v. McKesson, et al.*, San Joaquin County Superior Court Case No. STK-CV-UPL-2016-11441, were filed on November 7, 2016 and November 14, 2016, respectively.  (Kim Decl., at ¶ 8.) Defendants intend to remove these cases to an appropriate district court and anticipate Plaintiffs will move to remand.  (*Id.*)

1  basis.  (Dkt. 13.)  The Court agreed to consider the Defendants' motion to stay at

2  the same time as Plaintiffs' motion to remand and invited the parties to file

3  supplemental briefing.  (*Id.*)

4  ## III.   LEGAL AUTHORITIES

5       A district court's "power to stay proceedings is incidental to the power

6  inherent in every court to control the disposition of the causes on its docket with

7  economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N.*

8  *Am. Co.*, 299 U.S. 248, 254 (1936).  Using this power, a case may be stayed

9  pending the resolution of independent judicial proceedings that bear upon the case.

10  *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1997).

11
   ### A.   Courts Routinely Stay Cases Identified for MDL Transfer,
       Preserving Jurisdictional Questions for the MDL Court.
12

13       In the context of multidistrict litigation proceedings, "a majority of courts

14  have concluded that it is often appropriate to stay preliminary pretrial proceedings

15  while a motion to transfer and consolidate is pending with the MDL Panel because

16  of the judicial resources that are conserved."  *Rivers v. Walt Disney Co.*, 980 F.

17  Supp. 1358, 1362 (C.D. Cal. 1997).  "The general rule is for federal courts to defer

18  ruling on pending motions to remand in MDL litigation until after the [JPML] has

19  transferred to the MDL panel."  *Michael v. Warner-Lambert Co.*, No. 03-cv-1978

20  DMS (RBB), 2003 U.S. Dist. LEXIS 21525, *3 (S.D. Cal. Nov. 20, 2003) (quoting

21  *Jackson v. Johnson & Johnson, Inc.*, No. 01-2113 DA, 2001 WL 34048067, at *6

22  (W.D. Tenn. April 3, 2001)).  "Often, deference to the MDL court for resolution of

23  a motion to remand provides an opportunity for the uniformity, consistency, and

24  predictability in litigation that underlies the MDL system."  *Lingle v. DePuy*

25  *Orthopaedics, Inc.*, No. 11CV1486 L MDD, 2011 WL 5600539, at *1 (S.D. Cal.

26  Nov. 17, 2011) (quoting *Conroy v. Fresh Del Monte Produce Inc.*, 325 F. Supp. 2d

27  1049, 1053 (N.D. Cal. 2004)).  "Deferring to the MDL is most appropriate where

28  /////

the motion 'raises issues likely to arise in other actions pending in the MDL transferee court.'" *Id.* at *2 [internal citations omitted].

Courts in this district routinely stay litigation, pending a transfer decision by the JPML, even when a motion for remand is pending. *E.g.*, *McCrerey v. Merck & Co.*, No. 04-cv-2576 WQH-WMC, 2005 WL 6124182, at *3 (S.D. Cal. Mar. 3, 2005) (finding that "judicial economy and consistency will be best served by a stay in this case, pending transfer decision by the [JPML]" and "neither party will be prejudiced by granting the Motion to Stay."); *Lingle*, 2011 WL 5600539, at *2 (holding that stay promoted judicial economy, would not unduly prejudice the plaintiff, and would avoid prejudice to both parties stemming from duplicative efforts); *Pennington v. Depuy Orthopaedics, Inc.*, No. 13-cv-1322 DMS (BLM), 2013 WL 12093802, at *1 (S.D. Cal. July 19, 2013) (adopting rationale in 10 other cases in deciding to grant motion to stay).

Indeed, in this District, Judges Gonzalez and Miller were presented with the same issue in the *Vioxx* litigation:  There, the defendants removed several cases on the basis that McKesson had been fraudulently joined, and the plaintiffs moved to remand. *E.g.*, *Brault v. Merck & Co.*, No. 06CV2039 IEG-BLM, 2006 WL 3924223, at *1 (S.D. Cal. Nov. 7, 2006).  Defendants moved to stay the action pending transfer to an MDL proceeding. *Id.*  While noting concern over potential delay in the resolution of the plaintiff's motion to remand, the Court held that, if not stayed, "both parties face the prospect of having to litigate the issue of subject matter jurisdiction before different courts and the possibility of inconsistent rulings." *Id.* at *2.  In granting the motion to stay, the Court was persuaded by the fact that other cases included in the MDL presented the same jurisdictional question relating to McKesson's fraudulent joinder. *Id.*  The court concluded that, in light of those overlapping questions, a stay "will promote consistency and judicial economy." *Id.*  Eleven other Vioxx cases followed suit.[3]

---

[3] *In re Vioxx Product Liability Cases*, Lead Case No. 05cv943–DMS-LSP (S.D.

1      When confronted with deciding whether joinder of McKesson was fraudulent

2  or staying a case and referring the jurisdictional question to the MDL court,

3  California district court judges routinely do the latter.  Considering only cases

4  involving McKesson, courts in nearly 50 California cases have favored a stay over

5  deciding a motion to remand.[4]  And the courts' deference to the MDL court makes

6

Cal. July 11, 2005) (staying 18 consolidated cases pending transfer to the MDL);
*Weldy v. Merck & Co.*, No. 06-CV-01993-JMRBB, 2006 WL 4056987, at *1 (S.D.
Cal. Dec. 11, 2006); *Silva v. Merck & Co.*, No. 06-CV-02138-JMRBB, 2006 WL
4056989, at *1 (S.D. Cal. Dec. 11, 2006); *Harris v. Merck & Co.*, No. 06-CV-
01986-JMRBB, 2006 WL 4056986, at *1 (S.D. Cal. Dec. 11, 2006); *Coit v. Merck
& Co.*, No. 06-CV-02137-JMRBB, 2006 WL 4056994, at *1 (S.D. Cal. Dec. 11,
2006); *Santillan v. Merck & Co.*, No. 06-CV-01996-JMRBB, 2006 WL 4056988, at
*1 (S.D. Cal. Dec. 11, 2006); *Suder v. Merck & Co.*, No. 06-CV-02013-JMRBB,
2006 WL 4056991, at *1 (S.D. Cal. Dec. 11, 2006); *Goldberg v. Merck & Co.*, No.
06-CV-02034-JMRBB, 2006 WL 4056993, at *1 (S.D. Cal. Dec. 11, 2006);
*Bushong v. Merck & Co.*, No. 06-CV-02139-JMRBB, 2006 WL 4056990, at *1
(S.D. Cal. Dec. 11, 2006); *Purcell v. Merck & Co.*, No. 05-cv-443–L-BLM (S.D.
Cal. June 6, 2005); *Valentine v. Merck & Co.*, No. 06-cv-2154–DMS-JMA (S.D.
Cal. October 23, 2006).
[4] *Aaron v. McKesson Corp.*, No. C 13-03054 SBA, 2013 WL 5401887, at *1 (N.D.
Cal. Sept. 26, 2013); *A.D. v. Pfizer, Inc.*, No. 13-CV-02466-JST, 2013 WL
3889159, at *1 (N.D. Cal. July 26, 2013); *Addison v. Bristol-Myers Squibb Co.*, No.
C 13-02166 WHA, 2013 WL 3187859, at *1 (N.D. Cal. June 21, 2013); *Allen v.
McKesson Corp.*, No. C 13-03110 JSW, 2013 WL 3948865, at *1 (N.D. Cal. July
30, 2013); *Anderson v. Organon USA, Inc.*, No. 13-3599 PJH, 2013 WL 4805026,
at *1 (N.D. Cal. Sept. 9, 2013); *Aronis v. Merck & Co.*, No. CIV. S-05-
0486WBSDAD, 2005 WL 5518485, at *2 (E.D. Cal. May 3, 2005) (denying
motion to remand and denying motion to stay as moot only in light of transfer to
MDL); *Aud v. McKesson Corp.*, No. C 13-03111 JSW, 2013 WL 3944436, at *1
(N.D. Cal. July 29, 2013); *Bennett v. Organon USA Inc.*, No. 13-CV-03606-JST,
2013 WL 5127993, at *2 (N.D. Cal. Sept. 13, 2013); *Bernstine v. Merck & Co.*, No.
S-07-0034 WBS KJM, 2007 WL 1217589, at *2 (E.D. Cal. Apr. 24, 2007); *Brault*,
2006 WL 3924223, at *1; *Burton v. Organon USA Inc.*, No. C 13-1535 PJH, 2013
WL 1963954, at *1 (N.D. Cal. May 10, 2013); *Bushong*, 2006 WL 4056990, at *1;
*Butler v. McKesson Corp.*, No. C 13-03154 JSW, 2013 WL 4104093, at *1 (N.D.
Cal. Aug. 12, 2013); *C.A. by Allen v. Pfizer, Inc.*, No. C 13-4087 SBA, 2013 WL
6091766, at *1 (N.D. Cal. Nov. 19, 2013); *Carrington v. Merck & Co.*, No. S-06-
718 LKK/GGH, 2006 WL 1376884, at *2 (E.D. Cal. May 18, 2006); *Clarke v.
Organon USA Inc.*, No. C 13-2290 CW, 2013 WL 3475948, at *1 (N.D. Cal. July
10, 2013); *Choi v. Merck & Co.*, No. S-06-1977 WBS DAD, 2006 WL 3053411, at
*2 (E.D. Cal. Oct. 26, 2006); *Cline v. Merck & Co.*, No. CIVS06487LKKGGH,
2006 WL 1409555, at *2 (E.D. Cal. May 19, 2006); *Coit*, 2006 WL 4056994, at *1;
*Couture v. Hoffman-La Roche, Inc.*, No. C-12-2657 PJH, 2012 WL 3042994, at *1
(N.D. Cal. July 25, 2012); *Davis v. Pfizer, Inc.*, No. C 14-1204 SI, 2014 WL
1599005, at *1 (N.D. Cal. Apr. 21, 2014); *Devers v. Merck & Co.*, No. S-06-617
LKK/PAN, 2006 WL 1377086, at *2 (E.D. Cal. May 18, 2006); *Fortune v.
McKesson Corp.*, No. C 13-03172 JSW, 2013 WL 4104121, at *1 (N.D. Cal. Aug.
12, 2013); *Freitas v. McKesson Corp.*, No. C 11-05967 JW, 2012 WL 161211, at
*1 (N.D. Cal. Jan. 10, 2012); *Goldberg*, 2006 WL 4056993, at *1; *Gonzalez v.*

1   good sense:  Permitting dozens of courts to separately adjudicate the same

2   jurisdictional issue unnecessarily consumes substantial judicial and party resources,

3   and is likely to result in inconsistent rulings.

**B.    A Stay Is Appropriate When the Judicial Resources Saved and Hardship to the Moving Party Outweigh Potential Prejudice to the Non-Moving Party.**

6       In considering whether to issue a stay when an MDL petition is pending,

7   courts balance three factors: (1) potential prejudice to the non-moving party;

8   (2) hardship and inequity to the moving party if the action is not stayed; and (3) the

9   judicial resources that would be saved by avoiding duplicative litigation if the cases

10  are consolidated.  *San Diego Unified Port District v. Monsanto Co.*, No. 15-cv-

11  00578, 2016 WL 4496826, at *1 (S.D. Cal. Feb. 1, 2016); *Lingle*, 2011 WL

12  5600539, at *1 (citing *In re iPhone Application Litig.*, 2011 WL 2149102, at *2

13  (N.D. Cal. May 31, 2011)).

14      "When evaluating a motion to stay proceedings pending a transfer to a MDL

15  court, a primary factor to consider is the preservation of judicial resources."

16  *Couture v. Hoffman-La Roche, Inc.*, No. C-12-2657 PJH, 2012 WL 3042994, at *2

17  *Organon USA*, No. C 12-6161 PJH, 2013 WL 664551, at *1 (N.D. Cal. Feb. 22, 2013); *Grove v. Merck & Co.*, No. S-06-1941 WBSKJM, 2006 WL 2943158, at *2 (E.D. Cal. Oct. 13, 2006); *Guinn v. Bristol-Myers Squibb Co.*, No. C 13-01487 WHA, 2013 WL 1964937, at *1 (N.D. Cal. May 10, 2013); *Hardin v. Merck & Co.*, No. C 07-0070 SBA, 2007 WL 1056790, at *1 (N.D. Cal. Apr. 5, 2007); *Hargrove v. McKesson Corp.*, No. C 13-03114 JSW, 2013 WL 3949239, at *1 (N.D. Cal. July 30, 2013); *Harris*, 2006 WL 4056986, at *1; *In re Vioxx Product Liability Cases*, Lead Case No. 05cv943–DMS-LSP; *Jones v. Bristol-Myers Squibb Co.*, No. C 13-2415 PJH, 2013 WL 3388659, at *1 (N.D. Cal. July 8, 2013); *J.W. v. Pfizer, Inc.*, No. 13-CV-00318-YGR, 2013 WL 1402962, at *2 (N.D. Cal. Apr. 5, 2013); *Leeson v. Merck & Co.*, No. S-05-2240 WBS PAN, 2006 WL 3230047, at *5 (E.D. Cal. Jan. 27, 2006); *Major-Mack v. Organon USA, Inc.*, No. 13-CV-05421-JST, 2014 WL 296935, at *1 (N.D. Cal. Jan. 26, 2014); *Poff v. McKesson Corp.*, No. C 13-03115 JSW, 2013 WL 3949207, at *1 (N.D. Cal. July 30, 2013); *Purcell*, No. 05-cv-443–L-BLM; *Reyes v. Organon USA Inc.*, No. C 13-3428 PJH, 2013 WL 4533101, at *1 (N.D. Cal. Aug. 26, 2013); *Rifenbery v. Organon USA, Inc.*, No. 13-CV-05463-JST, 2014 WL 296955, at *1 (N.D. Cal. Jan. 26, 2014); *Santillan*, 2006 WL 4056988, at *1; *Scroggins v. Hoffman-La Roche, Inc.*, No. C 12-2615 SI, 2012 WL 2906574, at *1 (N.D. Cal. July 16, 2012); *Silva*, 2006 WL 4056989, at *1; *Stark v. Pfizer*, No. 14-CV-01488-JST, 2014 WL 2938445, at *1 (N.D. Cal. June 27, 2014); *Suder*, 2006 WL 4056991, at *1; *Summa v. McKesson Corp.*, No. C 13-03097 JSW, 2013 WL 3948844, at *1 (N.D. Cal. July 30, 2013); *Valentine*, No. 06-cv-2154–DMS-JMA; *Weldy*, 2006 WL 4056987, at *1 (S.D. Cal. Dec. 11, 2006).

-7-

(N.D. Cal. July 25, 2012) (citing *Rivers*, 980 F. Supp. at 1360-61).  "[T]he existence of other cases with similar jurisdictional questions weighs strongly in favor of staying the proceedings.  Allowing the MDL judge to address these issues simultaneously promotes 'uniformity, consistency, and predictability.'"  *J.W.*, 2013 WL 1402962, at *3 (quoting *Couture*, 2012 WL 3042994, at *2).  Courts in the Ninth Circuit can—and regularly do—stay proceedings pending a JPML determination before deciding a motion to remand.  (*See*, *e.g.*, footnote 4, *supra*.)

## IV.   ARGUMENT.

Each of the relevant factors weighs decidedly in favor of staying this case pending the JPML's decision.

### A.   Plaintiffs Will Not Be Prejudiced by the Proposed Stay.

A stay of limited duration pending resolution of the JPML proceedings will not cause prejudice to Plaintiffs.  A brief stay does not cause a plaintiff prejudice and does not weigh against entering the stay.  *See Pamintuan v. Bristol-Myers Squibb Co.*, No. 16-cv-00254, 2016 WL 4319844, at *1 (N.D. Cal. July 14, 2016).  In *Pamintuan*, the court held that a stay of three months, pending a JPML hearing, was "temporary and limited in duration" and did not create a risk of prejudice.  *Id.*  Defendants anticipate that the hearing on their JPML petition will be heard on January 26, 2017.  (Kim Decl., at ¶ 12.)  This is approximately two months away, and just weeks after the hearing on Plaintiffs' motion to remand.  Any stay issued by the Court therefore will be brief in duration, and will not result in undue prejudice to Plaintiffs.  *See Pamintuan*, 2016 WL 4319844, at *1.

Additionally, the prospect of delay, standing alone, is insufficient to warrant denial of a stay.  *See Little v. Pfizer*, No. C-14-1177, 2014 WL 1569425, at *3 (N.D. Cal. Apr. 18, 2014) (finding "delay does not constitute prejudice sufficient to outweigh the efficiency gains of staying this action"); *J.W.*, 2013 WL 1402962, at *4 ("Plaintiffs claim that their case will 'languish in federal court,' and their jurisdiction question will not be considered for several months.  However, Plaintiffs

DLA PIPER LLP (US)
SAN DIEGO

EAST\137234855.1

offer no tangible harm that they would suffer from waiting a term of months."); *Walker v. Merck & Co.*, No. 05-cv-360, 2005 WL 1565839, at *2 (S.D. Ill. June 22, 2005) ("[W]hile Plaintiffs might well be subjected to some delay as a result of the issuance of a stay, that prejudice does not outweigh the judicial economy interests."). The minimal delay in this one matter is an insufficient basis to deny the application for a stay, particularly in light of an anticipated MDL that will be formed to address common issues in a consistent and efficient manner.

Moreover, that Plaintiffs have moved to remand this matter to state court further weighs in favor of issuing a stay. Courts have recognized that where a motion to remand and a motion to stay are both pending, "deference to the MDL court for resolution of a motion to remand often provides the opportunity for uniformity, consistency, and predictability in litigation that underlies the MDL system." *Alanis v. Pfizer, Inc.*, No. 1:14-cv-00365, 2014 WL 1711702, at *2 (E.D. Cal. May 1, 2014), report and recommendation adopted by *Alanis v. Pfizer, Inc.*, No. 1:14-cv-003652014, 2014 WL 2197936 (E.D. Cal. May 27, 2014); *see also Lingle*, 2011 WL 5600539, at *1. On similar facts, the court in *Rifenberry v. Organon USA, Inc.*, No. 13-cv-05463, 2014 WL 296955, at *1 (N.D. Cal. Jan. 26, 2014), held: "[T]o avoid duplicative and contradictory rulings on this issue, the MDL is the more appropriate venue to adjudicate the question of McKesson's 'fraudulent joinder,' and to determine whether this action should be remanded."

"The pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in [MDL] proceedings. We note that motions to remand ... can be presented to and decided by the transferee judge." *McCrery*, 2005 WL 6124182, at *2. Even the JPML has recognized that "jurisdictional objections do not overcome the efficiencies that can be realized by centralized proceedings." *See In re Zoloft* (*Sertraline Hydrochloride*) *Prods. Liab. Litig.,* 856 F. Supp. 2d 1347, 1347 (J.P.M.L. 2012); *see also In re Bayer Corp. Combination Aspirin Prods.*
/////

1   *Mktg & Sales Practices Litig.*, 609 F. Supp. 2d 1379, 1379-80 (J.P.M.L. 2009)

2   (noting that a transferee court may decide a motion to remand post-transfer).

3          Plaintiffs have not, and cannot, identify any prejudice resulting from a

4   temporary stay of the action lasting approximately two months, much less that such

5   prejudice outweighs the significant efficiencies to the Court and parties of having a

6   single court decide common jurisdictional questions.  Thus, leaving Plaintiffs'

7   motion to remand to the MDL court for resolution also does not constitute prejudice

8   sufficient to deny Defendants' application for a stay.

9          **B.     Considerations of Prejudice Weigh in Favor of the Stay.**

10         To the contrary, all parties will be prejudiced if the Court declines to stay this

11  matter while the JPML petition is pending.  *See Weaver v. Pfizer, Inc.*, No. 2:14-cv-

12  0818, 2014 WL 2002212, at *1 (E.D. Cal. May 15, 2014); *Gibson v. Bristol-Myers*

13  *Squibb Co.*, 2013 WL 2081964, at *1 (N.D. Cal. May 14, 2013) ("If this Court

14  prematurely adjudicates Plaintiffs' motion to remand, BMS may be forced to re-

15  litigate issues before the MDL Panel or in state court.").  Plaintiffs' motion to

16  remand is but the first of at least thirteen separate motions to remand that

17  Defendants anticipate.  (Kim Decl., at ¶¶ 5-7.)  Motions to remand are pending in

18  eleven other cases across the state.  (*Id.* at ¶ 7.)  The stay entered in the *Hayes*

19  Eliquis case means that the MDL transferee court will also consider the

20  jurisdictional question presented in Plaintiffs' remand motion.  (Kim Decl., Ex. E.)

21  Plaintiffs and Defendants, alike, will be burdened with unnecessary and duplicative

22  motion practice in thirteen different cases in the absence of a stay.  As one court

23  held, "[t]he potential burden on Pfizer of having to defend itself in multiple fora

24  favors entry of a stay pending the decision of the MDL court."  *Weaver*, 2014 WL

25  2002212, at *1.

26         The prejudice of *not* entering a stay affects not just Pfizer, but BMS,

27  McKesson, and Plaintiffs, all of whom are burdened with preparing repetitive

28  briefing on identical motions.  As the plaintiffs filing the JCCP action

1    acknowledged, "[c]oordination … will promote efficient use of judicial and parties'

2    resources and will accommodate the convenience of all counsel by preventing the

3    duplication of effort and costly adjudication of the same or substantially similar

4    motions…." (Kim Decl., ¶ 14, at 28-3, Ex. ¶ 16 (Notice of JCCP Action).)  It is

5    inconsistent for Plaintiffs to suggest, on the one hand, that coordinating motion

6    practice in the state courts would promote efficiency and prevent prejudice to the

7    parties, but that coordination of motion practice relating to Plaintiffs' duplicative

8    motions to remand would not.

9          **C.    Conservation of Judicial Resources Necessitates a Stay.**

10          The last consideration—the judicial resources that would be saved by

11    avoiding duplicative litigation if the cases are consolidated—is perhaps the most

12    compelling reason to stay this matter.  A stay would relieve the Court of the

13    obligation to resolve the parties' jurisdictional dispute, which an MDL court would

14    address in concert with other cases involving the same issue.  *See Jennings v.*

15    *Fresenius*, No. 13-cv-03795, 2013 WL 5487224, at *2 (N.D. Cal. Oct. 2, 2013) ("If

16    other cases pending before the JPML raise similar issues, it weighs strongly in

17    favor of staying the proceedings."); *Alanis*, 2014 WL 1711702, at *2 (holding that

18    where "the MDL Court will be called upon to adjudicate the same jurisdictional

19    questions posed in this case" a stay "promotes judicial efficiency, avoids

20    duplicative litigation, and avoids the risk of inconsistent results"); *Hardin*, 2007

21    WL 1056790, at *1-3 (finding that the "policy of consistent rulings" favored a stay

22    because other cases in the MDL likely raised the same jurisdictional questions).

23    For this reason, district courts across the country have entered orders in 36 Eliquis

24    cases staying those actions pending the JPML's decision.  (Kim Decl., ¶ 13, Ex. B.)

25          Staying this matter will conserve judicial resources by allowing for the

26    efficient resolution of jurisdictional and other pretrial matters by the MDL

27    transferee court.  At least thirteen cases have been filed in California Superior

28    Courts alleging personal injury claims against Defendants and McKesson.  (Kim

Decl., at ¶ 5.)  In each, a question for resolution is whether McKesson has been fraudulently joined and whether the case is properly venued in federal court.  (*E.g.*, Kim Decl., ¶ 9, Ex. A (*Little*, No. 3:16-cv-02144, Dkt. 21(Motion to Remand to State Court (Sept. 23, 2016).)  As the fraudulent joinder of McKesson was a central basis of Defendants' removal of all Eliquis actions, Defendants reasonably believe that fraudulent joinder will be at issue in each of the twelve cases filed to date, as well as others filed in the future.

Because Judge Bernal stayed the *Hayes* Eliquis case, the MDL transferee court will necessarily determine the jurisdictional question shared by these twelve cases.  (Kim Decl., Ex. E.)  Requiring twelve courts to separately resolve this same issue is not only inefficient—particularly when a petition for MDL proceeding is pending—but enhances the risk of inconsistent results.  Significant efficiencies will be created by permitting a single court—the MDL court—to decide the issue of remand.

## V.  CONCLUSION.

For these reasons, Defendants respectfully request the Court issue a brief stay pending a decision by the JPML, including but not limited to a stay of responsive pleading deadlines and related briefing schedules, status conferences, and/or discovery deadlines, until thirty (30) days after a ruling by the JPML on Defendants' motion to transfer.

Dated:  November 21, 2016

DLA PIPER LLP (US)

By:  *s/ Brooke Kim*
BROOKE KILLIAN KIM
Attorneys for Defendant Bristol-Myers
Squibb Company and Pfizer Inc.